# 13-3565(L), 13-3636(CON)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆◆◆

IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION
ELLEN GELBOIM AND LINDA ZACHER,
Individually and on Behalf of All Others Similarly Situated,

*Plaintiffs-Appellants,*

(*Caption Continued on Inside Cover*)

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK, No. 12-cv-1205

**DEFENDANTS-APPELLEES' OPPOSITION TO BONDHOLDER PLAINTIFFS'
AND SCHWAB PLAINTIFFS-APPELLANTS' MOTIONS FOR
RECONSIDERATION OF THE COURT'S ORDER DISMISSING THEIR
APPEALS AND FOR REINSTATEMENT OF THEIR APPEALS**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Defendants-Appellees
Bank of America Corporation and
Bank of America, N.A.*

SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 956-7500

*Attorneys for Defendant-Appellee The
Bank of Tokyo-Mitsubishi UFJ, Ltd.*

(*Appearances Continued on Inside Cover*)

SCHWAB MONEY MARKET FUND; SCHWAB VALUE ADVANTAGE MONEY FUND; SCHWAB RETIREMENT ADVANTAGE MONEY FUND; SCHWAB INVESTOR MONEY FUND; SCHWAB CASH RESERVES; SCHWAB ADVISOR CASH RESERVES; SCHWAB YIELDPLUS FUND; SCHWAB YIELDPLUS FUND LIQUIDATION TRUST; CHARLES SCHWAB BANK, N.A.; CHARLES SCHWAB & CO., INC.; THE CHARLES SCHWAB CORPORATION; SCHWAB SHORT-TERM BOND MARKET FUND; SCHWAB TOTAL BOND MARKET FUND; AND SCHWAB U.S. DOLLAR LIQUID ASSETS FUND,

*Plaintiffs-Appellants*,

–against–

BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF TOKYO-MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; CITIGROUP, INC.; CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISENBOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG; HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN BANK; THE ROYAL BANK OF SCOTLAND GROUP PLC; UBS AG; WESTLB AG (N/K/A PORTIGON AG); AND WESTDEUTSCHE IMMOBILIENBANK AG,

*Defendants-Appellees.*

---

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York  10022
(212) 446-2300

5301 Wisconsin Avenue NW
Washington, D.C.  20015
(202) 237-2727

*Attorneys for Defendant-Appellee
Barclays Bank PLC*

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
(212) 841-1000

1201 Pennsylvania Avenue N.W.
Washington, D.C.  20004
(202) 662-6000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
(212) 225-2000

*Attorneys for Defendants-Appellees
Citibank, N.A. and Citigroup Inc.*

MILBANK TWEED HADLEY &
McCLOY LLP
One Chase Manhattan Plaza
New York, New York  10005
(212) 530-5000

*Attorneys for Defendant-Appellee
Coöperatieve Centrale Raiffeisen-
Boerenleenbank B.A.*

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3355

*Attorneys for Defendant-Appellee
Deutsche Bank AG*

SIMPSON THACHER &
BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
(212) 455-2000

*Attorneys for Defendants-Appellees
JPMorgan Chase & Co. and
JPMorgan Chase Bank, N.A.*

SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5300

*Attorneys for Defendant The
Norinchukin Bank*

CAHILL GORDON & REINDEL
LLP
80 Pine Street
New York, New York  10005
(212) 701-3000

*Attorneys for Defendant-Appellee
Credit Suisse Group AG*

LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8614

3 World Financial Center
New York, New York  10281
(212) 812-8325

*Attorneys for Defendants-Appellees
HSBC Holdings plc and HSBC Bank
plc*

HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York  10022
(212) 918-3000

*Attorneys for Defendants-Appellees
Lloyds Banking Group plc and HBOS
plc*

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

*Attorneys for Defendant Portigon AG
(f/k/a WestLB AG)*

KATTEN MUCHIN ROSENMAN
LLP
525 West Monroe Street
Chicago, Illinois  60661
(312) 902-5200

*Attorneys for Defendant Royal Bank of Canada*

WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street,
New York, New York  10007
(212) 230-8800

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York  10019
(212) 878-8000

*Attorneys for Defendant The Royal Bank of Scotland Group plc*

GIBSON, DUNN & CRUTCHER
LLP
200 Park Avenue
New York, New York  10166-0193
(212) 351-4000

1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306

*Attorneys for Defendant UBS AG*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned Defendants-Appellees make the following disclosures:

## Bank of America Corporation and Bank of America, N.A.

Defendant-Appellee Bank of America Corporation states that it is a publicly held company, does not have any parent corporation, and no publicly held company has an ownership interest of 10% or more in Bank of America Corporation.

Defendant-Appellee Bank of America, N.A. states that it is a National Association and is 100% owned by BANA Holding Corporation.  BANA Holding Corporation is 100% owned by BAC North America Holding Company.  BAC North America Holding Company is 100% owned by NB Holdings Corporation.  NB Holdings Corporation is 100% owned by Bank of America Corporation.

## The Bank of Tokyo-Mitsubishi UFJ, Ltd.

Defendant-Appellee The Bank of Tokyo-Mitsubishi UFJ, Ltd. is a wholly owned subsidiary of Mitsubishi UFJ Financial Group, Inc., which is a publicly held corporation, and no other publicly traded company owns 10% or more of The Bank of Tokyo-Mitsubishi UFJ, Ltd.'s stock.

## Barclays Bank PLC

Defendant-Appellee Barclays Bank PLC states that Barclays Bank PLC is a wholly owned subsidiary of Barclays PLC, which is a publicly held corporation, and no other publicly traded company owns 10% or more of Barclays Bank PLC's stock.

## Citibank, N.A. and Citigroup Inc.

Defendant-Appellees Citibank, N.A. and Citigroup Inc. state: Citigroup Inc., a publicly held corporation, has no parent corporation and no publicly held corporation owns 10% or more of its stock.   Citibank, N.A. is wholly owned by Citicorp, which in turn is wholly owned by Citigroup Inc. Citigroup Inc., a publicly held corporation, therefore indirectly owns 10% or more of the stock of Citibank N.A.

## Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.

Defendant-Appellee Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. ("Rabobank") states that it has no parent corporation and no publicly held corporation owns 10% or more of Rabobank.

## Credit Suisse Group AG

Defendant-Appellee Credit Suisse Group AG states that Credit Suisse Group AG is a corporation organized under the laws of the Country of Switzerland and whose shares are publicly traded on the SIX Swiss Exchange and are also

listed on the New York Stock Exchange.  Credit Suisse Group AG has no parent

company, and no publicly held corporation owns 10 percent or more of its stock.

## Deutsche Bank AG

Defendant-Appellee Deutsche Bank AG states that Deutsche Bank

AG is a publicly held corporation organized under the laws of Germany that has no

parent corporation, and no publicly held corporation owns 10 percent or more of

Deutsche Bank AG's stock.

## HSBC Holdings plc and HSBC Bank plc

Defendants-Appellees HSBC Holdings plc and HSBC Bank plc state

that HSBC Bank plc is a wholly owned subsidiary of HSBC Holdings plc, which is

a publicly held corporation, and no other publicly traded company owns 10% or

more of HSBC Holdings plc's stock.

## JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.

Defendant-Appellee JPMorgan Chase & Co. states that it is a publicly

held corporation.  JPMorgan Chase & Co. does not have a parent corporation and

no publicly held corporation owns 10% or more of JPMorgan Chase & Co.'s stock.

Defendant-Appellee JPMorgan Chase Bank, N.A. states that it is a

wholly owned subsidiary of JPMorgan Chase & Co., a publicly held corporation.

No other publicly held corporation owns 10% or more of JPMorgan Chase Bank, N.A.'s stock.

## Lloyds Banking Group plc and HBOS plc

Defendant-Appellee Lloyds Banking Group plc states that it is a publicly held corporation, and no other publicly traded company owns 10% or more of Lloyd Banking Group plc's stock.

Defendant-Appellee HBOS plc states that it is a wholly owned subsidiary of Defendant-Appellee Lloyds Banking Group plc, which is a publicly held corporation, and that no other publicly traded company owns 10% or more of HBOS plc's stock.

## The Norinchukin Bank

Defendant-Appellee The Norinchukin Bank states that The Norinchukin Bank has no parent corporation and that no publicly held company owns 10% or more of Norinchukin stock.

## Portigon AG (f/k/a WestLB AG)

Defendant-Appellee Portigon AG (f/k/a WestLB AG) states that it has no parent corporation and that no other publicly traded company owns 10% or more of Portigon AG's stock.

### Royal Bank of Canada

Defendant-Appellee Royal Bank of Canada states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

### The Royal Bank of Scotland Group plc

Defendant-Appellee The Royal Bank of Scotland Group plc states that it is a publicly traded company organized under the laws of Scotland. No publicly held corporation owns 10% or more of its stock.

### UBS AG

Defendant-Appellee UBS AG states that it is a publicly traded entity and has no parent corporation. There is no publicly held corporation that holds 10 percent or more of UBS AG stock.

# TABLE OF CONTENTS

*Page*

SUMMARY OF ARGUMENT ...............................................................1

BACKGROUND .................................................................................2

    A.    Initial Proceedings and Consolidation ..................................3

    B.    Proceedings in the Consolidated Action .............................4

    C.    The District Court's Dismissal of Certain Claims in the Consolidated Action ...........................................................5

    D.    Ongoing Litigation Following Judge Buchwald's Orders ...................6

    E.    The Bondholders Plaintiffs' and Schwab Plaintiffs' Attempts to Appeal ...........................................................7

ARGUMENT ......................................................................................8

I.    The Court Correctly Applied Its Precedent in Dismissing the Bondholder Plaintiffs' and Schwab Plaintiffs' Appeals.................................8

    A.    The Second Circuit Strongly Disfavors Piecemeal Appeals in Consolidated Actions. ........................................8

    B.    The Court Properly Applied the Strong Presumption Against Interim Appeals in Cases Consolidated for Pretrial Proceedings...........................................................10

    C.    The *Schwab* Actions Have Been Consolidated for Pretrial Proceedings in the District Court, and as a Result *Hageman* Bars Appellate Review at This Time.................................14

II.    Appeal Is Premature Because the District Court Is Still Determining Which Claims Asserted in the Consolidated Action, If Any, Will Be Permitted to Proceed................................18

CONCLUSION ................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Bey v. City of New York*,
   No. 99-3873, 2009 WL 2924429 (S.D.N.Y. Sept. 9, 2009) ...............................11

*Brown v. United States*,
   976 F.2d 1104, 1107 (7th Cir. 1992) ........................................................... 12-13

*Charles Schwab Corp. v. Bank of Am. Corp. (In re Libor-Based
   Fin. Instruments Antitrust Litig.)*,
   2013 U.S. Dist. LEXIS 142523 (J.P.M.L. Oct. 2, 2013) .....................................7

*Cohen v. Beneficial Indus. Loan Corp.*,
   337 U.S. 541 (1949) ......................................................................... 14, 17-18

*Habblett v. Siemens AG (In re Ski Train Fire in Kaprun,
   Aus. on Nov. 11, 2000)*,
   2005 WL 1523508 (S.D.N.Y. June 28, 2005) ............................................ 12-13

*Hageman v. City Investing Co.*,
   851 F.2d 69 (2d Cir. 1988) ...........................................................................passim

*Houbigant, Inc. v. IMG Fragrance Brands, LLC*,
   627 F.3d 497 (2d Cir. 2010) .....................................................8-9, 11-12, 18, 19

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
   802 F. Supp. 2d 1380 (J.P.M.L. 2011) ..............................................................2

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   935 F. Supp. 2d 666 (S.D.N.Y. 2013) ................................................. 5, 6, 15-16

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   No. 11-2262, 2013 WL 4504769 (S.D.N.Y. Aug. 23, 2013) ................... 6, 19-20

*Ivanov-McPhee v. Washington Nat'l Ins. Co.*,
   719 F.2d 927 (7th Cir. 1983) ........................................................................17

*Kamerman v. Steinberg*,
   891 F.2d 424 (2d Cir. N.Y. 1989)...................................................................11

*Kelly v. City of New York,*
   391 F. App'x 69 (2d Cir. 2010) .......................................................................11

*Leftridge v. Conn. State Trooper Officer No. 1283,*
    640 F.3d 62 (2d. Cir. 2011) .........................................................................14

*Linde v. Arab Bank, PLC,*
   706 F.3d 92 (2d Cir. 2013) ...................................................................... 17-18

*Spencer, White & Prentis v. Pfizer Inc.,*
   498 F.2d 358, 364 (2d Cir. 1974) ...................................................................18

*United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.,*
   318 F.3d 214 (D.C. Cir. 2003).................................................................. 12-13

## RULES AND STATUTES

**Page(s)**

28 U.S.C. § 1291 ...............................................................................8, 14, 17

28 U.S.C. § 1407 ................................................................................ 3-4, 12

FRCP 42 .......................................................................................................3

FRCP 54(b) ..................................................................................... 8-9, 10, 20

The undersigned Defendants-Appellees respectfully submit this opposition to the motions filed by the "Bondholder Plaintiffs" and the "Schwab Plaintiffs"[1] for reconsideration of the Court's October 30, 2013 order (the "October 30 Order") and reinstatement of their respective appeals (together, the "Appeals"). Because the October 30 Order correctly found that the Court did not have jurisdiction over the Appeals, the Bondholder Plaintiffs' and Schwab Plaintiffs' motions should be denied.

## SUMMARY OF ARGUMENT

In dismissing the Appeals, the Court correctly applied Second Circuit precedent that strongly disfavors piecemeal appeals in consolidated actions, thereby promoting the interests in judicial economy that underlie its presumption against interim appeals.  The Bondholder Plaintiffs and Schwab Plaintiffs cannot avoid that their actions are part of the consolidated, multidistrict litigation proceeding before the Honorable Naomi Reice Buchwald in the Southern District of New York, which includes scores of actions that assert antitrust and RICO claims nearly identical to those that the Bondholder Plaintiffs and Schwab

---

[1] The Bondholder Plaintiffs are Plaintiffs-Appellants Ellen Gelboim and Linda Zacher.  The Schwab Plaintiffs are Plaintiffs-Appellants The Charles Schwab Corporation; Charles Schwab Bank, N.A.; Charles Schwab & Co., Inc.; Schwab Money Market Fund; Schwab Value Advantage Money Fund; Schwab Retirement Advantage Money Fund; Schwab Investor Money Fund; Schwab Cash Reserves; Schwab Advisor Cash Reserves; Schwab YieldPlus Fund; Schwab YieldPlus Fund Liquidation Trust; Schwab Short-Term Bond Market Fund; Schwab Total Bond Market Fund; and Schwab U.S. Dollar Liquid Assets Fund.

Plaintiffs seek to appeal.  There is no justification for this Court to hear the

Appeals before the District Court has addressed the many antitrust and RICO

claims pending before it.  And there is every reason to wait:  should the District

Court dismiss any of those claims, this Court will undoubtedly be presented with

duplicative appeals.  The Bondholder Plaintiffs and Schwab Plaintiffs have failed

to present any compelling arguments to the contrary, let alone suggest that the

Court's dismissal of the Appeals was improper.

## BACKGROUND

Since April 2011, more than 50 actions have been filed in federal

courts across the country (or filed in state court and then removed to federal court)

alleging that certain banks that contributed to the London Interbank Offered Rate

("LIBOR") conspired to manipulate the U.S. Dollar LIBOR ("USD LIBOR").

Pursuant to an order of the Judicial Panel on Multidistrict Litigation ("JPML"), the

vast majority of these cases have been centralized before Judge Buchwald in the

Southern District of New York for "coordinated or consolidated pretrial

proceedings" because the cases "involve common questions of fact," in particular

"factual issues arising from allegations concerning defendants' participation in the

[USD LIBOR] panel."  *In re Libor-Based Fin. Instruments Antitrust Litig*., 802 F.

Supp. 2d 1380, 1381 (J.P.M.L. 2011).  The Bondholder Plaintiffs and Schwab

Plaintiffs are parties in the multidistrict litigation before Judge Buchwald.

A.      **Initial Proceedings and Consolidation**

In August 2011, the Schwab Plaintiffs filed three separate individual

actions (collectively, the "*Schwab* Actions")[2] in the Northern District of California.

On September 6, 2011, the JPML transferred the *Schwab* Actions to Judge

Buchwald.  In February 2012, the Bondholder Plaintiffs filed a purported class

action in the Southern District of New York on behalf of purchasers of LIBOR-

based debt securities (the "Bondholder Action").  Judge Buchwald accepted the

Bondholder Action as a related action.

In October 2011, following the centralization of more than 20 class

and individual actions before Judge Buchwald, plaintiffs in the various putative

class actions moved to be appointed lead counsel.  On November 29, 2011, Judge

Buchwald appointed interim lead counsel for a putative class of purchasers of

LIBOR-linked products on an exchange (the "Exchange-Based Plaintiffs") and a

putative class of purchasers of over-the-counter LIBOR-linked instruments (the

"OTC Plaintiffs"), and consolidated for all purposes the class actions before the

court, as well as any subsequently filed class actions raising the same legal claims

under Rule 42 of the Federal Rules of Civil Procedure.  (MDL Dkt. No. 66.)  Judge

---

[2] The *Schwab* Actions consist of:  (i) *Schwab Short-Term Bond Market Fund, et al. v. Bank of Am. Corp., et al.*, No. 11-cv-6409 (NRB); (ii) *Charles Schwab Bank, et al. v. Bank of Am. Corp., et al.*, No. 11-cv-6411 (NRB); and (iii) *Schwab Money Market Fund, et al. v. Bank of Am. Corp., et al.*, No. 11-cv-6412 (NRB).

Buchwald later reversed that order and, pursuant to the JPML transfer statute, 28 U.S.C. § 1407, ordered that the class actions were consolidated only for "pretrial purposes." (MDL Dkt. No. 187.)

### B.   Proceedings in the Consolidated Action

The Bondholder Plaintiffs, Exchange-Based Plaintiffs, OTC Plaintiffs, and Schwab Plaintiffs filed amended complaints on April 30, 2012. (MDL Dkt. Nos. 130, 131, 134, 146, 157 and 148.) All six amended complaints contained essentially identical factual allegations. The Bondholder Plaintiffs, Exchange-Based Plaintiffs, OTC Plaintiffs, and Schwab Plaintiffs each asserted claims against all defendants for violation of section 1 of the Sherman Antitrust Act. The Schwab Plaintiffs also alleged claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Cartwright Act (California's antitrust statute), as well as various state common law claims. Defendants moved to dismiss all claims in the amended complaints on June 29, 2012. (MDL Dkt. No. 165.) As the allegations in the amended complaints were substantively identical, defendants filed a joint memorandum of law in support of their motion to dismiss all of the antitrust claims in all of the amended complaints (MDL Dkt. No. 166), and separate joint memoranda of law in support of motions to dismiss RICO, CEA, and state law claims (MDL Dkt. Nos. 168, 169).

During the summer of 2012, while the parties were briefing defendants' motions to dismiss, a number of other actions were assigned to Judge Buchwald and consolidated as part of the multidistrict litigation. On August 14, 2012, Judge Buchwald ordered a stay of all actions not subject to defendants' motions to dismiss. (MDL Dkt. No. 205.) To date, more than 30 additional purported class actions and individual actions have been assigned to Judge Buchwald as part of the multidistrict litigation and are subject to the stay. At least 27 of these actions also raise federal or state antitrust claims.

## C.   The District Court's Dismissal of Certain Claims in the Consolidated Action

On March 29, 2013, Judge Buchwald issued a decision dismissing the majority of claims against defendants (the "March 29 Order"). *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666 (S.D.N.Y. 2013). Judge Buchwald dismissed all of the antitrust claims of the Bondholder Plaintiffs, Exchange-Based Plaintiffs, OTC Plaintiffs, and Schwab Plaintiffs as well as the Schwab Plaintiffs' RICO claims, finding that the claims had not been adequately pled on the facts in the complaints. *Id.* at 677. Having dismissed the Schwab Plaintiffs' Sherman Act and Cartwright Act claims, Judge Buchwald declined to exercise supplemental jurisdiction over their remaining state law claims and dismissed them without prejudice. *Id.*

Following the March 29 Order, the Bondholder Plaintiffs, Exchange-Based Plaintiffs, and OTC Plaintiffs moved for permission to amend their complaints to address the deficiencies identified in the March 29 Order regarding their antitrust claims. Judge Buchwald denied the motions in an order dated August 23, 2013 (the "August 23 Order"), finding that amendment would be futile. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-2262, 2013 WL 4504769, at *14-17 (S.D.N.Y. Aug. 23, 2013). In the same order, Judge Buchwald declined to lift the stay on the remaining cases in the multidistrict litigation, stating that the court was "wary of addressing the individual cases piecemeal rather than comprehensively." *Id.* at *23.

## D.     Ongoing Litigation Following Judge Buchwald's Orders

Rather than requesting leave to amend their complaints, on April 29, 2013, the Schwab Plaintiffs filed a new action in California state court ("*Schwab II*"), asserting the same state law claims that had been dismissed without prejudice by Judge Buchwald, as well as new claims under the Securities Act of 1933.[3] On May 16, 2013, Defendants removed *Schwab II* to the Northern District of

---

[3] In the March 29 Order, Judge Buchwald dismissed the Schwab Plaintiffs' RICO claims in part on the grounds that the Private Securities Litigation Reform Act "bars plaintiffs from bringing a RICO claim based on predicate acts that could have been the subject of a securities fraud action." *In re LIBOR*, 935 F. Supp. 2d at 738. The same predicate acts that formed the basis of the RICO claims in the original *Schwab* Actions form the basis of the Schwab Plaintiffs' Securities Act claims in *Schwab II*.

California.  *Charles Schwab Corp. v. Bank of Am. Corp.*, No. 13-cv-02244 (PJH) (N.D. Cal. 2013).  Defendants subsequently sought to have the action transferred to Judge Buchwald.  On October 2, 2013, the JPML transferred the action over the Schwab Plaintiffs' objection, finding that it involved "common questions of fact with actions in this litigation previously transferred to MDL No. 2262."  *Charles Schwab Corp. v. Bank of Am. Corp. (In re Libor-Based Fin. Instruments Antitrust Litig.)*, No. 2262, 2013 U.S. Dist. LEXIS 142523, at *5 (J.P.M.L. Oct. 2, 2013).

Following the March 29 and August 23 Orders, proceedings continued before Judge Buchwald with respect to the remaining claims asserted by the Exchange-Based Plaintiffs and OTC Plaintiffs.  Defendants are moving to dismiss the Exchange-Based Plaintiffs' remaining Commodity Exchange Act claims and the OTC Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment.  (MDL Dkt. No. 453.)

    **E.**    **The Bondholders Plaintiffs' and Schwab Plaintiffs' Attempts to Appeal**

On September 17, 2013, the Bondholder Plaintiffs filed a notice of appeal, indicating their intention to challenge both the March 29 and August 23 Orders.  (MDL Dkt. No. 409.)  On September 24, 2013, the Schwab Plaintiffs filed a notice of appeal indicating their intention to appeal only the March 29 Order. (MDL Dkt. No. 429.)

On October 30, 2013, the Court, *sua sponte*, dismissed both the Bondholder Plaintiffs' and Schwab Plaintiffs' appeals under controlling Second Circuit precedent, holding that the Court "lacks jurisdiction over these appeals because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the orders appealed from did not dispose of all claims in the consolidated action."  (October 30 Order at 1.)  On November 13, 2013, the Bondholder Plaintiffs and Schwab Plaintiffs each moved to request that the Court reconsider the October 30 Order and reinstate their respective appeals.

## ARGUMENT

### I.    The Court Correctly Applied Its Precedent in Dismissing the Bondholder Plaintiffs' and Schwab Plaintiffs' Appeals.

#### A.    The Second Circuit Strongly Disfavors Piecemeal Appeals in Consolidated Actions.

The October 30 Order correctly applied Second Circuit precedent that promotes judicial economy by prohibiting piecemeal appeals in consolidated actions.  Specifically, the Court dismissed the appeals in reliance on *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 498-99 (2d Cir. 2010), which held that, in a consolidated action, an appeal may not be taken from an order that does not dispose of the action in its entirety.  (October 30 Order at 1.)  This was a correct application of precedent.  As this Court first articulated in *Hageman v. City Investing Co.*, "when there is a judgment in a consolidated case that does not

-8-

dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification."  851 F.2d 69, 71 (2d Cir. 1988); *see also Houbigant*, 627 F.3d at 498-99.  As the *Hageman* Court explained, only in "highly unusual circumstances" might a litigant "be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment."  851 F.2d at 71.

In fashioning its strong presumption against interim appeals in a consolidated action, the Second Circuit expressly considered and rejected the bright-line rules utilized in similar contexts by the First and Sixth Circuits (interim appeals always allowed in consolidated actions) and the Ninth and Tenth Circuits (interim appeals never allowed in consolidated actions), as well as the flexible approaches adopted by the Third, Fifth, and Seventh Circuits.  *Id.*  The Court explained that the "strong presumption" rule would permit it to afford deference to a district court's determination of whether a party in a consolidated action should be permitted to seek an interim appeal:  "a district court is better able than an appellate court to decide whether an interim appeal in a consolidated action is appropriate because the district court is already familiar with the purpose and type of consolidation that is at issue."  *Id.*  "It would be improvident to interject appellate review into a [consolidated] case where the district court is still actively involved in decisionmaking."  *Houbigant*, 627 F.3d at 499.

-9-

**B.    The Court Properly Applied the Strong Presumption Against Interim Appeals in Cases Consolidated for Pretrial Proceedings.**

Because the Bondholder Plaintiffs and Schwab Plaintiffs are part of a consolidated action[4] and the District Court has not issued a Rule 54(b) certification for their dismissed claims, there is a "strong presumption" that their appeals are untimely. *Hageman*, 851 F.2d at 71. Although the Bondholder Plaintiffs and Schwab Plaintiffs make several arguments as to why the "strong presumption" in *Hageman* should not apply to their appeals, their arguments are unavailing.

*First*, both the Bondholder Plaintiffs and the Schwab Plaintiffs argue that *Hageman*'s "strong presumption" applies only to cases "consolidated for all purposes." (Bondholder Mot. at 6, Schwab Mot. at 12.) But the Second Circuit has *never* limited *Hageman* to cases that were consolidated for all purposes. Indeed, such a limitation would be contrary to the purpose of the *Hageman* rule because the *"*strong presumption" standard was expressly premised on the existence of an "infinite array of consolidated actions" and the goal of avoiding interference with consolidated matters still pending in the district court. *Hageman*,

---

[4] The Bondholder Plaintiffs do not dispute that their action was consolidated for pretrial purposes. (Bondholder Mot. at 5-6.) While the Schwab Plaintiffs acknowledge that their actions were transferred to Judge Buchwald for "coordinated or consolidated proceedings" (Schwab Mot. at 6), they nonetheless argue that their actions were never consolidated with the other actions in the multidistrict litigation. (Schwab Mot. at 10-11.) This contention is incorrect. *See infra* Section I.C.

-10-

851 F.2d at 71.  For example, in *Kelly v. City of New York*, 391 F. App'x 69, 69-70 (2d Cir. 2010) (summary order), this Court applied *Hageman* and held that it lacked jurisdiction to hear an appeal from a case that, according to the district court, had been consolidated "for discovery" purposes with other cases that remained pending in the district court.  *See Bey v. City of New York*, No. 99-3873, 2009 WL 2924429, at *1 (S.D.N.Y. Sept. 9, 2009) (noting that the case ruled upon in *Kelly* was "consolidated for discovery").

In the only Second Circuit case to find that an interim appeal from a consolidated action overcame the "strong presumption" established by *Hageman*, the Court relied on the fact that "the case on appeal is the only one of the consolidated cases that presents [the appealed] claims."  *Kamerman v. Steinberg*, 891 F.2d 424, 429 (2d Cir. 1989).  By contrast, there are currently a multitude of actions pending in the multidistrict litigation before Judge Buchwald that involve antitrust and RICO claims, which overlap with—and are in many cases identical to—the claims at issue here.  *See*, *e.g.*, *Community Bank & Trust v. Bank of Am. Corp., et al.*, No. 12 Civ. 4205 (S.D.N.Y.) (asserting RICO claim); *33-35 Green Pond Associates, LLC v. Bank of Am. Corp., et al.*, No. 12 Civ. 5822 (S.D.N.Y.) (asserting Sherman Act claim).  Indeed, the overlap of claims asserted in a dismissed action with claims asserted in other actions that have been consolidated strongly supports *not* permitting an interim appeal.  *See Houbigant*, 627 F.3d at

-11-

498-99 (finding that where "the pending and dismissed actions overlap in potentially significant ways . . . [i]t would be improvident to interject appellate review into a case where the district court is still actively engaged in decisionmaking").

Second, the Bondholder Plaintiffs and Schwab Plaintiffs cite non-binding precedent for the proposition that *Hageman* should not apply to actions consolidated under 28 USC § 1407. Both the Bondholder Plaintiffs and the Schwab Plaintiffs rely on the Seventh Circuit's decision in *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992), to support this argument. (Bondholder Mot. at 6, Schwab Mot. at 11.) But in *Hageman*, this Court expressly rejected the Seventh Circuit's "flexible approach" to determining when an appeal is immediately permissible in a consolidated case, and instead adopted a "strong presumption" in favor of denying appeals when claims remain to be litigated in the district court, which can be overcome only in "highly unusual circumstances" that are not present here. 851 F.2d at 71. The additional cases cited by the Bondholder Plaintiffs and Schwab Plaintiffs finding that an appeal was permissible for an action consolidated under 28 U.S.C. § 1407 similarly rely on the flexible standard used by the Seventh Circuit, which is not the law of this Court. *See*, *e.g.*, *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216 (D.C. Cir. 2003) (noting that different circuits employ different tests to determine

-12-

when an appeal from a consolidated action is allowed and finding that the D.C. Circuit falls into the same "camp" as the Seventh Circuit); *Habblett v. Siemens AG (In re Ski Train Fire in Kaprun, Aus. on Nov. 11, 2000)*, No. 01-6554, 2005 WL 1523508, at *3 (S.D.N.Y. June 27, 2005) (citing *Brown* to mistakenly conclude that *Hageman* did not apply "because an MDL is not a consolidated action"). Those cases have no application here.

> *Third*, the Bondholder Plaintiffs argue that failing to allow an immediate appeal may eventually result in piecemeal appeals in different circuits after the cases currently pending before Judge Buchwald are transferred back to the courts in which they were filed for trial. (Bondholder Mot. at 7-8 (citing *Columbia/HCA Healthcare Corp.*, 318 F.3d at 216-17).) But the risk of piecemeal appeals to various circuits is minimal at this point. The majority of the cases in the multidistrict litigation have been stayed, and no discovery has taken place. There is no indication that cases will be remanded to other districts in the near future. Furthermore, the risk of eventual piecemeal appeals to other circuits is outweighed by the far more immediate problem facing this Circuit: the very real possibility that the Court will be forced to hear dozens of piecemeal appeals as motions to dismiss in the stayed actions are decided (including *another* potential appeal by the very same Schwab Plaintiffs after *Schwab II* is decided).

-13-

Because the Bondholder Plaintiffs and Schwab Plaintiffs have not overcome the "strong presumption" against an interim appeal from a consolidated action, their motions should be denied.

### C. The *Schwab* Actions Have Been Consolidated for Pretrial Proceedings in the District Court, and as a Result *Hageman* Bars Appellate Review at This Time.

The Schwab Plaintiffs further attempt to avoid *Hageman* by arguing that, even though their actions were transferred to Judge Buchwald for "coordinated or consolidated pretrial proceedings" (Schwab Mot. at 6 (quotations omitted)), their actions were never consolidated with the other actions in the multidistrict litigation, and therefore they are entitled to immediate appeal. (Schwab Mot. at 9-10.)  This argument elevates form over substance and ignores that determinations of appellate jurisdiction under 28 U.S.C. § 1291 "are to give that section a 'practical rather than a technical construction . . . .'" *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  Based on the record below, the District Court intended the actions filed by the Bondholder Plaintiffs, Exchange-Based Plaintiffs, OTC Plaintiffs, and Schwab Plaintiffs to be treated as consolidated—not merely coordinated—for pretrial purposes.[5]

---

[5] Indeed, the docket for each of the *Schwab* Actions contains a docket entry saying, "CONSOLIDATED MDL CASE.  Create association to 1:11-md-02262-NRB." *Schwab Short-*

*(footnote continued . . .)*

-14-

Most fundamentally, neither the parties nor the District Court have drawn any distinction between the class actions and the *Schwab* Actions. For instance, prior to filing their amended complaints, the Bondholder Plaintiffs, Exchange-Based Plaintiffs, OTC Plaintiffs, and Schwab Plaintiffs jointly requested discovery from defendants. (MDL Dkt. No. 115.) The same plaintiffs subsequently filed very similar amended complaints, which included nearly identical factual allegations and which relied on the same "consulting experts." *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d at 678 & n.2. (*See also* MDL Dkt. Nos. 130, 131, 134, 146, 147 and 148.) Because the amended complaints included similar antitrust claims, defendants filed a single joint memorandum of law in support of their motion to dismiss all of the antitrust claims in the amended complaints. (MDL Dkt. No. 166.) In turn, the Bondholder Plaintiffs, Exchange-Based Plaintiffs, OTC Plaintiffs, and Schwab Plaintiffs filed a joint opposition to the motion to dismiss their antitrust claims. (MDL Dkt. No. 211.)[6] Finally, in the March 29 Order, Judge Buchwald dismissed all antitrust

---

*Term Bond Market Fund v. Bank of Am. Corp.*, No. 11-cv-6409-NRB (Sept. 16, 2011); *Charles Schwab Bank, N.A. v. Bank of Am. Corp.*, No. 11-cv-6411-NRB (Sept. 16, 2011); *Schwab Money Market Fund v. Bank of Am. Corp.*, No. 11-cv-6412-NRB (Sept. 16, 2011).

[6] The captions in the briefs that the Schwab Plaintiffs filed with the district court stated that their individual cases were all part of the one "master" MDL docket—which is the only docket in which they filed their motion to dismiss briefs. *E.g.*, Mem. of Law in Opp. to Defs.' Mots. To Dismiss, No. 11-MD-2262-NRB (Aug. 28, 2012).

claims brought by those plaintiffs on the same grounds: that the plaintiffs had "not plausibly alleged that they suffered antitrust injury . . . ." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d at 686. Nothing in the March 29 Order suggests that the court was treating the Schwab and class claims as anything other than consolidated for purposes of pretrial rulings on motions to dismiss. *Id.* Furthermore, because *Schwab II*—brought by the very same Schwab Plaintiffs who brought the initial *Schwab* Actions—is also now part of the multidistrict litigation consolidated for pretrial proceedings and remains pending before Judge Buchwald, the Schwab Plaintiffs' present situation differs little from that of the Exchange-Based Plaintiffs and OTC Plaintiffs, who have had some of their claims dismissed by the District Court while their remaining claims are still pending. These points all demonstrate that the *Schwab* Actions are part of the consolidated proceedings in the District Court.

Moreover, contrary to the self-serving assertion of the Schwab Plaintiffs, Judge Buchwald's two consolidation orders do not establish that their actions were not consolidated for pre-trial proceedings. (*See* Schwab Mot. at 6-7, 11.) The first order they cite consolidated for all purposes the purported class actions that were seeking to represent overlapping classes. It is not surprising that the *Schwab* Actions were not included in that consolidation since they were not brought and were not being prosecuted as class actions. The second order was

-16-

intended to undo that consolidation of the class actions for all purposes and

naturally did not occasion any reference to the *Schwab* Actions.  (*See* MDL Dkt.

No. 66 at 10.)  But the omission of the *Schwab* Actions from the consolidation of

class actions for all purposes does not mean that the *Schwab* Actions were not

consolidated at all.  *Cf. Hageman*, 851 F.2d at 71 (stating there are an "infinite

array of consolidated actions"); *Ivanov-McPhee v. Washington Nat'l Ins. Co.*, 719

F.2d 927, 929 (7th Cir. 1983) ("[T]here are many different types of consolidation

. . . and the consolidation may be for more or less limited purposes.").  Indeed,

there is no indication that the District Court ever intended to treat the *Schwab*

Actions as separate from the rest of the multidistrict litigation for purposes of

pretrial proceedings.  That Judge Buchwald did not deem it necessary to issue a

separate order expressly consolidating the *Schwab* Actions for pretrial purposes,

particularly in light of their having been so designated on the court's docket, is of

no consequence here.

Even assuming that the Schwab Plaintiffs' actions were not

consolidated for any purposes, this Court should exercise its discretion and decline

jurisdiction over the case.  Both this Court and the Supreme Court have noted, in

cases interpreting the collateral order doctrine, that appeals are not permitted under

28 U.S.C. Section 1291 "even from fully consummated decisions, where they are

but steps towards final judgment in which they will merge."  *Linde v. Arab Bank,*

*PLC*, 706 F.3d 92, 106 (2d Cir. 2013) (quoting *Cohen*, 337 U.S. at 546 (quotations omitted)).  The procedural posture here is analogous.  The Schwab Plaintiffs' action originally contained the same state law claims based on the same facts that are now in *Schwab II*.  The March 29 Order did not render a fully consummated decision, but is merely a step towards final judgment in the multidistrict litigation, which *Schwab II* is part of.  In *Houbigant*, this Court found no appellate jurisdiction for the dismissal of one of three actions—one of which was related, but not consolidated with the dismissed action—because the district court intended to continue litigating the non-dismissed, consolidated action and there was significant overlap between all actions.  *Houbigant, Inc.*, 627 F.3d at 498-99.  This Court can and should similarly find no final judgment exists when multiple actions based on the same facts between the same parties are ongoing in the same court.[7]

## II.    Appeal Is Premature Because the District Court Is Still Determining Which Claims Asserted in the Consolidated Action, If Any, Will Be Permitted to Proceed.

Judicial economy would be best served by allowing Judge Buchwald to continue to evaluate and decide which, if any, claims that have been asserted in

---

[7] This interplay of two actions is similar to when an action has merely been separated for procedural purposes and thus the court lacks appellate jurisdiction of a ruling on one of the separated actions.  *Cf. Spencer, White & Prentis v. Pfizer Inc.*, 498 F.2d 358, 364 (2d Cir. 1974) (finding no appellate jurisdiction for summary judgment on plaintiff's claim where counterclaims had been invalidly severed because of the relationship between the actions and because the counterclaims were still ongoing).

-18-

the multidistrict litigation should proceed beyond the pleading stage. Indeed, the
Second Circuit has recognized that it is inappropriate to "interject appellate review
into a case where the district court is still actively engaged in decisionmaking."
*Houbigant*, 627 F.3d at 498-99.

The District Court is still considering motions to dismiss certain
claims brought by the Exchange-Based Plaintiffs and OTC Plaintiffs and has
stayed the remaining cases in the multidistrict litigation (including *Schwab II*). As
a result, Judge Buchwald has not yet applied the March 29 Order and the August
23 Order to the stayed cases. Of the more than 30 actions stayed, at least 27 assert
federal or state law antitrust claims, and five assert claims under RICO. Once the
stay is lifted, to survive a motion to dismiss, many of the plaintiffs in the stayed
actions will presumably attempt to distinguish their claims from those dismissed by
the March 29 Order and the August 23 Order. Ensuing motion practice will likely
further define any issues arising from the March 29 Order and the August 23 Order
that may warrant appellate review. Judicial economy, therefore, counsels against
the hearing of any appeal until the District Court has additional opportunity to
define the contours of its prior decisions.

To date, Judge Buchwald has rejected multiple requests for interim
appeals by the other plaintiffs in the multidistrict litigation. In the August 23
Order, Judge Buchwald denied the Exchange-Based Plaintiffs' motion for an

-19-

interlocutory appeal on an issue related to their claims under the Commodity Exchange Act.  *See* August 23 Order, 2013 WL 4504769, at \*2-5.  And while the District Court initially granted the Exchange-Based Plaintiffs' and OTC Plaintiffs' subsequent motion for Rule 54(b) certification on October 17, 2013 (MDL Dkt. No. 490), it did so solely based on the assumption that the Bondholder Plaintiffs' and Schwab Plaintiffs' cases were properly on appeal—which this Court held was erroneous.  Upon learning of this Court's determination that it lacked jurisdiction over the appeals, Judge Buchwald immediately and *sua sponte* withdrew the previous order (MDL Dkt. No. 492), indicating that the District Court does not favor interim appeal of the antitrust claims in light of the ongoing proceedings in the multidistrict litigation.[8]

## CONCLUSION

For the foregoing reasons, the motions of the Bondholder Plaintiffs and the Schwab Plaintiffs should be denied.

---

[8] Bondholder Plaintiffs assert that because the District Court's withdrawal of Rule 54(b) certification came "only after, and because of" this Court's October 30 Order, the District Court's initial Rule 54(b) certification "still evidences what the district court in fact intended—that the . . . Bondholders and Schwab . . . were 'in a position to appeal as of right.'" (Bondholder Mot. at 10 n.13.)  This assertion is incorrect.  The District Court's initial grant of Rule 54(b) certification did not reflect an independent analysis of this Court's jurisdiction over the Bondholder and Schwab appeals.  Rather, as the District Court's order withdrawing Rule 54(b) certification makes clear, it was "*premised on the pendency of appeals* of the same claims by bondholder and Schwab plaintiffs . . . ."  (MDL Dkt. No. 492 (emphasis added).)

-20-

Respectfully,


/s/ Robert F. Wise, Jr.

Robert F. Wise, Jr.
Arthur J. Burke
Paul S. Mishkin
DAVIS POLK & WARDWELL
LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Fax: (212) 450-4800
robert.wise@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com

*Attorneys for Defendants-
Appellees Bank of America
Corporation and Bank of
America, N.A.*

/s/ Daryl A. Libow

Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone: (202) 956-7500
Fax: (202) 956-6973
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendant-Appellee
The Bank of Tokyo-Mitsubishi UFJ,
Ltd.*

-21-

*/s/* Jeffrey T. Scott
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*/s/* Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300
jschiller@bsfllp.com
lnathanson@bsfllp.com

Michael Brille
5301 Wisconsin Avenue NW
Washington, D.C. 20015
Telephone: (202) 237-2727
mbrille@bsfllp.com

*Attorneys for Defendant-Appellee*
*Barclays Bank PLC*

*/s/* Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

*/s/* Michael R. Lazerwitz
Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants-Appellees*
*Citibank, N.A. and Citigroup Inc.*

/s/ David R. Gelfand
David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY &
McCLOY  LLP
One Chase Manhattan Plaza
New York, New York  10005
Telephone: (212) 530-5000
dgelfand@milbank.com
smurphy@milbank.com

*Attorneys for Defendant-Appellee
Coöperatieve Centrale Raiffeisen-
Boerenleenbank B.A.*

/s/ Moses Silverman
Moses Silverman
Andrew C. Finch
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3355
Fax: (212) 492-0355
msilverman@paulweiss.com
afinch@paulweiss.com

*Attorneys for Defendant-Appellee
Deutsche Bank AG*

/s/ Herbert S. Washer
Herbert S. Washer
Elai Katz
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
Telephone: (212) 701-3000
hwasher@cahill.com
ekatz@cahill.com
jkurtzberg@cahill.com

*Attorneys for Defendant-Appellee Credit
Suisse Group AG*

/s/ Ed DeYoung
Ed DeYoung
Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
edeyoung@lockelord.com
rcowie@lockelord.com

Gregory T. Casamento
3 World Financial Center
New York, New York  10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
gcasamento@lockelord.com

*Attorneys for Defendants-Appellees
HSBC Holdings plc and HSBC Bank plc*

/s/ Thomas C. Rice
Thomas C. Rice
Paul C. Gluckow
Omari L. Mason
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
omason@stblaw.com

*Attorneys for Defendants-Appellees
JPMorgan Chase & Co. and JPMorgan
Chase Bank, N.A.*

/s/ Andrew W. Stern
Alan M. Unger
Andrew W. Stern
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com
ncrowell@sidley.com

*Attorneys for Defendant-Appellee The
Norinchukin Bank*

/s/ Marc J. Gottridge
Marc J. Gottridge
Lisa J. Fried
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York  10022
Telephone: (212) 918-3000
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com

*Attorneys for Defendants-Appellees
Lloyds Banking Group plc and HBOS
plc*

/s/ Ethan E. Litwin
Ethan E. Litwin
Christopher M. Paparella
Marc A. Weinstein
Morgan J. Feder
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
litwin@hugheshubbard.com
paparella@hugheshubbard.com
feder@hugheshubbard.com

*Attorneys for Defendant-Appellee
Portigon AG (f/k/a WestLB AG)*

-24-

/s/ Arthur W. Hahn
Arthur W. Hahn
Christian T. Kemnitz
KATTEN MUCHIN ROSENMAN
LLP
525 West Monroe Street
Chicago, Illinois  60661
Telephone: (312) 902-5200
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com

*Attorneys for Defendant-Appellee
Royal Bank of Canada*

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Alan E. Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street,
New York, New York  10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com

/s/ Robert G. Houck
Robert G. Houck
Alejandra de Urioste
James D. Miller
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York  10019
Telephone: (212) 878-8000
Fax: (212) 878-8375
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com
jim.miller@cliffordchance.com

*Attorneys for Defendant-Appellee The
Royal Bank of Scotland Group plc*

*/s/* Peter Sullivan
Peter Sullivan
Lawrence J. Zweifach
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166-0193
Telephone: (212) 351-4000
psullivan@gibsondunn.com
lzweifach@gibsondunn.com

D. Jarrett Arp (*admitted pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
jarp@gibsondunn.com
thungar@gibsondunn.com

*Attorneys for Defendant-Appellee*
*UBS AG*

November 27, 2013