**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s)**: 13-3636 (consolidated with 13-3565)       Caption [use short title]

**Motion for**: (1) Recall of the Court's mandate issued on January 13, 2014 dismissing the Schwab Plaintiffs' appeal for lack of jurisdiction, and (2) reinstatement of the appeal

In re LIBOR-Based Financial Instruments Antitrust Litigation / Schwab Money Market Fund, et al. v. Bank of America Corp., et al.

Set forth below precise, complete statement of relief sought:

Plaintiffs-Appellants (the "Schwab Plaintiffs") request that the Court (1) recall its mandate issued on January 13, 2014, which followed the Court's sua sponte dismissal of the Schwab Plaintiffs' appeal on October 30, 2013; and (2) reinstate the appeal.

**MOVING PARTY**: See Attachment #1        **OPPOSING PARTY**: See Attachment #2

[☑] Plaintiff      [ ] Defendant
[☑] Appellant/Petitioner      [ ] Appellee/Respondent

**MOVING ATTORNEY**: Steven E. Fineman       **OPPOSING ATTORNEY**: See Attachment #2

[name of attorney, with firm, address, phone number and e-mail]

Lieff, Cabraser, Heimann & Bernstein, LLP

250 Hudson Street, 8th Floor, New York, NY 10013

Tel.: (212) 355-9500; sfineman@lchb.com

Court-Judge/Agency appealed from: United States District Court for the Southern District of New York (Naomi Reice Buchwald, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[☑] Yes [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [☑] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [☑] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this Court? [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? [ ] Yes [☑] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [☑] No If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Steven E. Fineman     Date: January 30, 2015     Service by: [☑] CM/ECF [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

**ATTACHMENT #1 TO MOTION INFORMATION STATEMENT:**
**LIST OF MOVING PARTIES (PLAINTIFFS-APPELLANTS)**

Schwab Money Market Fund
Schwab Value Advantage Money Fund
Schwab Retirement Advantage Money Fund
Schwab Investor Money Fund
Schwab Cash Reserves
Schwab Advisor Cash Reserves
Schwab YieldPlus Fund
Schwab YieldPlus Fund Liquidation Trust
Charles Schwab Bank, N.A.
Charles Schwab & Co., Inc.
The Charles Schwab Corporation
Schwab Short-Term Bond Market Fund
Schwab Total Bond Market Fund
Schwab U.S. Dollar Liquid Assets Fund

**ATTACHMENT #2 TO MOTION INFORMATION STATEMENT:**
**LIST OF OPPOSING PARTIES AND THEIR ATTORNEYS**

*BANK OF AMERICA CORPORATION and BANK OF AMERICA, N.A.*

Robert F. Wise, Jr.
Arthur J. Burke
Paul S. Mishkin
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3352
robert.wise@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com

*BARCLAYS BANK PLC*

Jonathan D. Schiller
Leigh M. Nathanson
Amos Friedland
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
jschiller@bsfllp.com
lnathanson@bsfllp.com
afriedland@bsfllp.com

David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3326
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.co

*[continued on next page]*

*Attorneys for BARCLAYS BANK PLC continued*

Michael A. Brille
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
mbrille@bsfllp.com

*CITIGROUP, INC. and CITIBANK, N.A.*

Alan M. Wiseman
Thomas A. Isaacson
Jonathan J. Gimblett
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5457
Facsimile:  (202) 778-5457
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

Andrew A. Ruffino
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone:  (212) 841-1000
Facsimile:  (212) 841-1010
aruffino@cov.com

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999
mlazerwitz@cgsh.com

***COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A. (RABOBANK)***

David R. Gelfand
Sean M. Murphy
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:   (212) 822-5520
dgelfand@milbank.com
smurphy@milbank.com

***CREDIT SUISSE GROUP AG***

Herbert S. Washer
Elai E. Katz
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
Telephone:  (212) 701-3000
Facsimile:   (212) 269-5420
hwasher@cahill.com
ekatz@cahill.com
jkurtzberg@cahill.com

***DEUTSCHE BANK AG***

Moses Silverman
Andrew C. Finch
Ankush Khardori
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3355
Facsimile:   (212) 492-0355
msilverman@paulweiss.com
afinch@paulweiss.com
akhardori@paulweiss.com

**HSBC BANK PLC and HSBC HOLDINGS PLC**

Ed DeYoung
Gregory T. Casamento
LOCKE LORD LLP
3 World Financial Center, 20th Floor
New York, NY 10001
Telephone: (212) 812-8325
Facsimile: (212) 812-8385
edeyoung@lockelord.com
gcasamento@lockelord.com

Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Telephone: (214) 740-8614
Facsimile: (214) 740-8800
rcowie@lockelord.com

**JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

Thomas C. Rice
Paul C. Gluckow
Omari L. Mason
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
omason@stblaw.com

**LLOYDS BANKING GROUP PLC and HBOS PLC**

Marc J. Gottridge
Lisa J. Fried
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com

***ROYAL BANK OF CANADA***

Arthur W. Hahn
Christian T. Kemnitz
KATTEN MUCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com

***BANK OF TOKYO-MITSUBISHI UFJ, LTD.***

Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC 20006-5215
Telephone: (202) 956-7500
Facsimile: (202) 293-6330
libowd@sullcrom.com
viapianoc@sullcrom.com

***THE NORINCHUKIN BANK***

Andrew W. Stern
Alan M. Unger
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com
aunger@sidley.com
ncrowell@sidley.com

***THE ROYAL BANK OF SCOTLAND GROUP PLC***

Fraser L. Hunter, Jr.
David S. Lesser
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Robert G. Houck
Alejandra de Urioste
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com

***UBS AG***

Peter Sullivan
Lawrence J. Zweifach
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue, 48th Floor
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
psullivan@gibsondunn.com
lzweifach@gibsondunn.com

Joel S. Sanders
GIBSON, DUNN & CRUTCHER, LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8268
Facsimile: (415) 374-8439
jsanders@gibsondunn.com

***WESTLB AG (n/k/a PORTIGON AG) and WESTDEUTSCHE IMMOBILIENBANK AG***

Christopher M. Paparella
Ethan E. Litwin
Marc A. Weinstein
Morgan J. Feder
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Chris.Paparella@hugheshubbard.com
Ethan.Litwin@hugheshubbard.com
Marc.Weinstein@hugheshubbard.com
Morgan.Feder@hugheshubbard.com

# 13-3565(L), 13-3636(CON)

## United States Court of Appeals

*for the*

## Second Circuit

SCHWAB MONEY MARKET FUND; SCHWAB VALUE ADVANTAGE MONEY
FUND; SCHWAB RETIREMENT ADVANTAGE MONEY FUND; SCHWAB
INVESTOR MONEY FUND; SCHWAB CASH RESERVES; SCHWAB ADVISOR
CASH RESERVES; SCHWAB YIELDPLUS FUND; SCHWAB YIELDPLUS FUND
LIQUIDATION TRUST; CHARLES SCHWAB BANK, N.A.; CHARLES SCHWAB &
CO., INC.; THE CHARLES SCHWAB CORPORATION; SCHWAB SHORT-TERM
BOND MARKET FUND; SCHWAB TOTAL BOND MARKET FUND; AND
SCHWAB U.S. DOLLAR LIQUID ASSETS FUND,

*Plaintiffs-Appellants*,

– v. –

BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF
TOKYO-MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; CITIGROUP, INC.;
CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISEN-
BOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG;
HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.;
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING
GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN
BANK; THE ROYAL BANK OF SCOTLAND GROUP PLC; UBS AG; WESTLB AG
(N/K/A PORTIGON AG); AND WESTDEUTSCHE IMMOBILIENBANK AG,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MEMORANDUM OF LAW IN SUPPORT OF THE SCHWAB PLAINTIFFS'
MOTION FOR (1) RECALL OF THE COURT'S MANDATE ISSUED ON
JANUARY 13, 2014 DISMISSING THEIR APPEAL (NO. 13-3636) FOR LACK
OF JURISDICTION, AND (2) REINSTATEMENT OF THE APPEAL

STEVEN E. FINEMAN
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
*Counsel for the Schwab Plaintiffs*
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500; sfineman@lchb.com

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ........................................................iv

NOTIFICATION AND DISCLOSURE OF DEFENDANTS-APPELLEES' POSITION ...........................................................................................1

INTRODUCTION AND SUMMARY OF ARGUMENT .......................................2

STATEMENT OF THE CASE .............................................................................5

ARGUMENT ......................................................................................................9

    I.    In Light Of The Supreme Court's Ruling In *Gelboim*, This Court Should Recall Its Mandate And Reinstate The Schwab Appeal.................................................................................................9

        A.    The Supreme Court's Decision Constitutes A Supervening Change In Governing Law That Warrants Revisiting This Court's Judgment. ...........................................9

        B.    The Circumstances of the Schwab Appeal Support Recalling the Mandate and Reinstating the Appeal.................13

CONCLUSION .................................................................................................17

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Calderon v. Thompson*,
    523 U.S. 538 (1998) ....................................................................10

*Gelboim v. Bank of America Corp.*,
    No. 13-1174, 574 U.S. __ (2015) ........................................... *passim*

*Hageman v. City Investing Co.*,
    851 F.2d 69 (2d Cir. 1988) .............................................................3

*Houbigant, Inc. v. IMG Fragrance Brands, LLC*,
    627 F.3d 497 (2d Cir. 2010) ...................................................... 3, 12

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    935 F. Supp. 2d 666 (S.D.N.Y. 2013) ..........................................5, 7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    MDL No. 2262, 2011 U.S. Dist. LEXIS 106128
    (J.P.M.L. Sept. 14, 2011) ...............................................................6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    No. 11 MD 2262 (NRB), 2012 U.S. Dist. LEXIS 101941
    (S.D.N.Y. July 18, 2012) ...............................................................6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    No. 11 MD 2262 (NRB), 2013 U.S. Dist. LEXIS 152504
    (S.D.N.Y. Oct. 17, 2013) ...............................................................7

*Meilleur v. Strong*,
    682 F.3d 56 (2d Cir. 2012) .............................................................8

*Perez v. AC Roosevelt Food Corp.*,
    734 F.3d 175 (2d Cir. 2013) ...........................................................8

*Sargent v. Columbia Forest Prods., Inc.*,
    75 F.3d 86 (2d Cir. 1996) ............................................. 10, 13, 14, 16

*United States v. Salameh*,
    84 F.3d 47 (2d Cir. 1996) .............................................................10

*Zipfel v. Halliburton Co.*,
    861 F.2d 565 (9th Cir. 1988) .................................................. 10, 13

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Statutes**

15 U.S.C. § 1 ...................................................................................5

18 U.S.C. §§ 1961(c) & (d)..............................................................5

28 U.S.C. § 1291 ..............................................................................9

28 U.S.C. § 1292(b) .......................................................................12

28 U.S.C. § 1407 ..............................................................................6

Cal. Bus. & Prof. Code §§ 16720 *et seq.* ......................................6

**Rules**

Fed. R. Civ. P. 12(b)(6).....................................................................6

Fed. R. App. P. 4(a)(1)(A) ................................................................8

Fed. R. App. P. 4(a)(7)(A)(ii) ...........................................................8

## <u>CORPORATE DISCLOSURE STATEMENT</u>

The undersigned counsel for Plaintiffs-Appellants (collectively, the "Schwab Plaintiffs") certifies that these parties are non-governmental corporate parties and that:

1. Plaintiffs Schwab Money Market Fund, Schwab Value Advantage Money Fund, Schwab Retirement Advantage Money Fund, Schwab Investor Money Fund, Schwab Cash Reserves, Schwab Advisor Cash Reserves, Schwab YieldPlus Fund, and Schwab YieldPlus Fund Liquidation Trust are independently managed mutual funds advised by Charles Schwab Investment Management Inc. Plaintiff The Charles Schwab Corporation is the parent company of Charles Schwab Investment Management Inc.

2. Plaintiff The Charles Schwab Corporation is the parent company of Plaintiff Charles Schwab Bank, N.A.

3. Schwab Holdings, Inc. is the parent company of Plaintiff Charles Schwab & Co., Inc. Plaintiff The Charles Schwab Corporation is the parent company of Schwab Holdings, Inc.

4. Plaintiffs Schwab Short-Term Bond Market Fund, Schwab Total Bond Market Fund, and Schwab U.S. Dollar Liquid Assets Fund are independently managed funds advised by Charles Schwab Investment Management Inc. Plaintiff The Charles Schwab Corporation is the parent company of Charles Schwab Investment Management Inc.

5.     Plaintiff The Charles Schwab Corporation is a publicly traded company.  No publicly held corporation owns 10% or more of the stock of Plaintiff The Charles Schwab Corporation.

Date:  January 30, 2015                    /s/ *Steven E. Fineman*
                                           Steven E. Fineman
                                           LIEFF, CABRASER, HEIMANN &
                                           BERNSTEIN, LLP

In accordance with Federal Rule of Appellate Procedure ("FRAP") 27 and Local Rule 27.1, the Schwab Plaintiffs[1] respectfully submit this memorandum of law in support of their motion requesting that this Court (1) recall its mandate issued on January 13, 2014 ("Mandate") (attached), which followed the Court's *sua sponte* dismissal of the Schwab Plaintiffs' appeal (No. 13-3636) ("Schwab Appeal") for lack of appellate jurisdiction; and (2) reinstate the Schwab Appeal.

## NOTIFICATION AND DISCLOSURE OF DEFENDANTS-APPELLEES' POSITION

In accordance with Local Rule 27.1, on January 28, 2015, the Schwab Plaintiffs (through their counsel) notified counsel for Defendants-Appellees of Plaintiffs' intention to file this motion, and requested that defense counsel inform Plaintiffs of Defendants' position regarding the motion and whether Defendants intend to submit a response.[2] As of the filing of this motion, defense counsel has not responded.

---

[1] The "Schwab Plaintiffs" (or "Plaintiffs") consist of Plaintiffs-Appellants The Charles Schwab Corporation; Charles Schwab Bank, N.A.; Charles Schwab & Co., Inc.; Schwab Money Market Fund; Schwab Value Advantage Money Fund; Schwab Retirement Advantage Money Fund; Schwab Investor Money Fund; Schwab Cash Reserves; Schwab Advisor Cash Reserves; Schwab YieldPlus Fund; Schwab YieldPlus Fund Liquidation Trust; Schwab Short-Term Bond Market Fund; Schwab Total Bond Market Fund; and Schwab U.S. Dollar Liquid Assets Fund.

[2] Plaintiffs' counsel sent an e-mail to counsel for Defendants-Appellees Bank of America Corp. and Bank of America, N.A., who has acted as a liaison to all defense counsel in the proceedings below.

## INTRODUCTION AND SUMMARY OF ARGUMENT

On September 24, 2013, the Schwab Plaintiffs filed an appeal of the March 29, 2013 order ("Rule 12 Order") by the district court overseeing the LIBOR multidistrict proceedings ("LIBOR MDL"), which dismissed all claims in the three substantively identical, non-class cases brought by the Schwab Plaintiffs (collectively, the "Schwab Actions") based on Defendants' artificial suppression of the London InterBank Offered Rate for U.S. Dollars ("USD LIBOR") from August 2007 to May 2010.[3]  Defendants did not contest this Court's jurisdiction to hear the Schwab Appeal.

On October 30, 2013, however, the Court *sua sponte* dismissed the Schwab Appeal for lack of jurisdiction, reasoning that "a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the order[] appealed from did not dispose of all claims in the consolidated action."  Dkt. No. 87 (Oct. 30, 2013 Order ("Dismissal Order")), at 1.[4]  In that Order, the Court also dismissed related appeal No. 13-3565 filed by plaintiffs Ellen Gelboim and Linda Zacher (the

---

[3] The Schwab Actions consist of:  (i) *Schwab Short-Term Bond Market Fund, et al. v. Bank of America Corp., et al.*, No. 11 Civ. 6409 (NRB) (S.D.N.Y.); (ii) *Charles Schwab Bank, et al. v. Bank of America Corp., et al.*, No. 11 Civ. 6411 (NRB) (S.D.N.Y.); and (iii) *Schwab Money Market Fund, et al. v. Bank of America Corp., et al.*, No. 11 Civ. 6412 (NRB) (S.D.N.Y.).

[4] Unless otherwise indicated, all references to "Dkt. No. __" are to entries on the docket for appeal No. 13-3636.

"Gelboim Appeal"),[5] who asserted horizontal-price-fixing claims, individually and on behalf of a putative class, arising from Defendants' alleged collusive suppression of the amounts of interest paid on floating-rate bonds whose rates of return were based on USD LIBOR. In dismissing the appeals, the Court relied on Second Circuit authority directing that "'when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification.'" *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 498 (2d Cir. 2010) (per curiam) (quoting *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988)).[6]

The Schwab Plaintiffs and the Gelboim plaintiffs then moved for reconsideration of the Dismissal Order and reinstatement of the appeals, which the Court denied. On January 13, 2014, the Court issued its Mandate to the district court. *See* Dkt. No. 118. The Gelboim plaintiffs then filed a petition to the U.S. Supreme Court for a writ of *certiorari*, which was granted on June 30, 2014. The Schwab Plaintiffs did not join in that petition.

On January 21, 2015, the Supreme Court issued its decision in *Gelboim v. Bank of America Corp.* (No. 13-1174) ("*Gelboim*"), reversing this Court's

---

[5] The Schwab Appeal was consolidated with the Gelboim Appeal.

[6] *See also* Dismissal Order at 1 (citing, *inter alia*, *Houbigant*).

judgment dismissing the Gelboim Appeal.[7]  The Supreme Court held that despite being consolidated for pretrial purposes with numerous other cases in the LIBOR MDL, the Gelboim plaintiffs' complaint "retained its independent status for purposes of appellate jurisdiction under §1291."  *Gelboim* Op. at 2.  Accordingly, the Court concluded, those plaintiffs' right to appeal "ripened when the District Court dismissed their case, not upon eventual completion of multidistrict proceedings in all of the consolidated cases."  *Id.*  The Court reasoned that "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under §1291 as an appealable final decision."  *Id.* at 6-7 (footnote omitted).

Similar to the Gelboim plaintiffs' action, the district court's Rule 12 Order disposed of the Schwab Actions in their entirety.  Specifically, the court dismissed the Schwab Plaintiffs' federal and state antitrust claims, as well as their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), with prejudice, and declined to exercise supplemental jurisdiction over the Schwab Plaintiffs' state common-law claims, thus dismissing them without prejudice to refiling them in a separate action.  *See In re LIBOR-Based Fin. Instruments*

---

[7] *See* Dkt. No. 128 (Sup. Ct. Op.) ("*Gelboim* Op.") [574 U.S. __ (2015)].

*Antitrust Litig.*, 935 F. Supp. 2d 666, 685-95, 724-34, 735-36 (S.D.N.Y. 2013).[8]

Accordingly, the Supreme Court's ruling in *Gelboim* applies equally to the Schwab Plaintiffs, and Plaintiffs respectfully request that this Court recall the Mandate and reinstate the Schwab Appeal.

## STATEMENT OF THE CASE

In August 2011, the Schwab Plaintiffs filed the three substantively identical Schwab Actions, alleging that Defendants unlawfully suppressed USD LIBOR from August 2007 to May 2010. In their subsequently filed amended complaints, Plaintiffs asserted claims under the Sherman Act (15 U.S.C. § 1), RICO (18 U.S.C. §§ 1961(c) & (d)), and California's antitrust statute, the Cartwright Act (Cal. Bus.

---

[8] The district court determined that "considerations of judicial economy, convenience, fairness, and comity . . . counsel us to decline to exercise supplemental jurisdiction" over Plaintiffs' common-law claims, adding that "[i]n light of the early stage of the proceedings, there is no reason why a California court should not decide plaintiffs' California common law claims." *Id.* at 735-36. Following the court's ruling, on April 29, 2013, the Schwab Plaintiffs filed a separate action in California state court (the "Schwab California Action"), asserting the claims over which the MDL court had declined to exercise supplemental jurisdiction, as well as other claims. Defendants subsequently removed that case to the Northern District of California, citing federal jurisdiction under the Edge Act and the Foreign Sovereign Immunities Act, and then moved to transfer the case to the LIBOR MDL. On October 2, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") granted Defendants' motion, over Plaintiffs' objection. The case was then transferred to the LIBOR MDL and assigned Case No. 13 Civ. 7005 (NRB) (S.D.N.Y.). On December 27, 2013, the MDL court denied Plaintiffs' motion to remand. The Schwab California Action is currently pending in the MDL. The Schwab Plaintiffs' antitrust and RICO claims are not part of that case.

& Prof. Code §§ 16720 *et seq.*), as well as state common-law claims.

In September 2011, the Schwab Actions were transferred for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 to the LIBOR MDL in the Southern District of New York, which had been established in accordance with the JPML's order of August 12, 2011. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, 2011 U.S. Dist. LEXIS 106128, at *1 (J.P.M.L. Sept. 14, 2011). On July 18, 2012, the district court consolidated all putative class cases pending in the MDL for pretrial purposes; that consolidation did not include the Schwab Actions. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2012 U.S. Dist. LEXIS 101941, at *14-15 (S.D.N.Y. July 18, 2012).[9]

In its Rule 12 Order of March 29, 2013, the district court addressed Defendants' motions to dismiss the Schwab Plaintiffs' claims, as well as the claims asserted by the Gelboim plaintiffs and two other groups of putative class plaintiffs (the "Over-the-Counter Plaintiffs" and the "Exchange-Based Plaintiffs"), pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). While the district court denied Defendants' motions with respect to a portion of the Exchange-Based

---

[9] Previously, on November 29, 2011, the court consolidated the putative class cases under FRCP 42(a), which provides for consolidation of cases for all purposes, including trial. The court's July 18, 2012 order modified the prior order such that the cases would be consolidated only for pretrial purposes.

Plaintiffs' claims under the Commodity Exchange Act, it granted the motions with respect to all other claims, including all claims in the Schwab Actions.  *See LIBOR*, 935 F. Supp. 2d at 685-739.  Specifically, the court:

    (i)     dismissed, with prejudice, the Schwab Plaintiffs' (and other plaintiffs') Sherman Act claims, holding that plaintiffs "have not plausibly alleged that they suffered antitrust injury" (*id.* at 685-95);

    (ii)    dismissed, with prejudice, the Schwab Plaintiffs' RICO claims, holding that the claims were barred by the "RICO Amendment" to the Private Securities Litigation Reform Act of 1995, and that they entailed an impermissibly extraterritorial application of RICO  (*id.* at 724-34);

    (iii)   dismissed, with prejudice, the Schwab Plaintiffs' Cartwright Act claim, for failure to plausibly allege antitrust injury  (*id.* at 736); and

    (iv)   declined to exercise supplemental jurisdiction over the Schwab Plaintiffs' state common-law claims, dismissing them without prejudice to their being filed in state court (*id.* at 735-36).

The district court plainly intended those rulings to dispose of the Schwab Actions.  Indeed, the court later observed that the Schwab Plaintiffs "are in a position to appeal as of right because their complaints were dismissed in their entirety."  *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2013 U.S. Dist. LEXIS 152504, at \*29 (S.D.N.Y. Oct. 17, 2013).[10]

---

[10] On October 17, 2013, the district court granted a motion by the Over-the-Counter Plaintiffs and the Exchange-Based Plaintiffs for certification under FRCP 54(b) to appeal the court's dismissal of their Sherman Act claims.  *See id.* Following this Court's dismissal of the Schwab Appeal and the Gelboim Appeal, however, the district court withdrew its October 17, 2013 order, which "was

*Footnote continued on next page*

Because no final judgment was entered on the docket, judgment was deemed entered in the Schwab Actions on August 26, 2013, 150 days after the district court entered its Rule 12 Order, in accordance with FRAP 4(a)(7)(A)(ii) and FRCP 58. *See, e.g.*, *Perez v. AC Roosevelt Food Corp.*, 734 F.3d 175, 177 (2d Cir. 2013) ("Where a separate document is required [for entry of judgment], entry occurs 'when the judgment or order is entered in the civil docket' and either 150 days have passed or 'the judgment or order is set forth on a separate document.'") (quoting FRAP 4(a)(7)(A)(ii)).[11]  The Schwab Plaintiffs filed a notice of appeal on September 24, 2013, within 30 days of the date judgment was deemed entered, in accordance with FRAP 4(a)(1)(A).[12]  Defendants did not contest this Court's jurisdiction.

As noted above, on October 30, 2013, this Court *sua sponte* dismissed the Schwab Appeal, as well as the Gelboim Appeal, for lack of jurisdiction, reasoning

---

premised on the pendency of appeals on the same claim by bondholder [Gelboim] and Schwab plaintiffs."  *See* Oct. 31, 2013 Order, Dkt. No. 492 in Master File No. 11-MD-2262 (NRB) (S.D.N.Y.), at 1.

[11] *Accord Meilleur v. Strong*, 682 F.3d 56, 60-61 (2d Cir. 2012) ("Pursuant to [FRCP] 58(c)(2)(B), the district court's judgment with respect to its order of January 10, 2011 [dismissing plaintiff's Section 1983 action] became final on June 9, 2011, which was 150 days after the January 10, 2011 entry of that order on the civil docket.").

[12] The Schwab Plaintiffs appealed the district court's dismissal, with prejudice, of their Sherman Act, Cartwright Act, and RICO claims, but did not appeal the court's declination of supplemental jurisdiction over their common-law claims.

that "a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the order[] appealed from did not dispose of all claims in the consolidated action." Dismissal Order at 1. The Schwab Plaintiffs and the Gelboim plaintiffs then moved for reconsideration of the Dismissal Order and reinstatement of the appeals (*see* Dkt. Nos. 99, 100, 110, 111), which the Court denied on December 16, 2013 (*see* Dkt. No. 115). On January 13, 2014, the Court issued its Mandate to the district court. *See* Dkt. No. 118. The Gelboim plaintiffs then filed a petition to the U.S. Supreme Court for a writ of *certiorari*, which the Schwab Plaintiffs did not join. The Supreme Court granted the petition on June 30, 2014.

On January 21, 2015, the Supreme Court issued its decision in *Gelboim*, reversing this Court's judgment dismissing the Gelboim Appeal. *See* Dkt. No. 128. On January 26, 2015, the Clerk of this Court issued an Order setting a briefing schedule for the Gelboim Appeal. *See* Dkt. No. 132.

## ARGUMENT

### I. In Light Of The Supreme Court's Ruling In *Gelboim*, This Court Should Recall Its Mandate And Reinstate The Schwab Appeal.

#### A. The Supreme Court's Decision Constitutes A Supervening Change In Governing Law That Warrants Revisiting This Court's Judgment.

The Supreme Court's decision in *Gelboim* warrants recall of the Mandate and reinstatement of the Schwab Appeal. Under the rule articulated in *Gelboim*,

the district court's dismissal of the Schwab Actions in their entirety was "final." The Schwab Appeal was therefore timely, and this Court had jurisdiction to hear it.

This Court's "unquestioned" authority to recall a mandate allows it to "reopen a case at any time." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996).[13] Given "the need to preserve finality in judicial proceedings," this power "is to be exercised sparingly," but is appropriate in "exceptional circumstances." *Sargent*, 75 F.3d at 89.[14] Recall of a mandate may be justified by "[a] supervening change in governing law that calls into serious question the correctness of the court's judgment." *Id.* at 90 (alteration in original). When a subsequent Supreme Court decision "departs in some pivotal aspects from a decision of a federal appeals court," recall "may be warranted to the extent necessary to protect the integrity of the court of appeals' prior judgment." *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988).

The Supreme Court's ruling in *Gelboim* constitutes a "supervening change in governing law that calls into serious question the correctness" of this Court's Dismissal Order with respect to the Schwab Appeal. The Supreme Court held that

---

[13] *See also Calderon v. Thompson*, 523 U.S. 538, 549 (1998) ("the courts of appeals are recognized to have an inherent power to recall their mandates, subject to review for an abuse of discretion"); *United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996) ("a court of appeals always has authority to restore appellate jurisdiction over a case that has been remanded to a district court").

[14] Unless otherwise indicated, all internal citations and quotation marks have been omitted from this brief, and all emphasis added.

cases consolidated for MDL pretrial proceedings "ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under §1291 as an appealable final decision." *Gelboim* Op. at 6-7 (footnote omitted). Section 1407, the Court observed, "refers to individual 'actions' which may be transferred to a single district court, not to any monolithic multidistrict 'action' created by transfer." *Id.* at 7. The defendant banks' argument that, in an MDL consolidation, "no appeal of right accrues until the consolidation ends" would "leave plaintiffs like [petitioners] in a quandary about the proper timing of their appeals." *Id.* at 8. That is, given the jurisdictional requirement in the Federal Rules of Appellate Procedure that a notice of appeal in a civil case be filed within 30 days after entry of the judgment or order appealed from, "[i]f plaintiffs whose actions have been dismissed with prejudice by a district court must await the termination of pretrial proceedings in all consolidated cases, what event or order would start the 30-day clock?" *Id.* The Court thus endorsed the "sensible solution" that "[w]hen the transferee court overseeing pretrial proceedings in multidistrict litigation grants a defendant's dispositive motion on all issues in some transferred cases, [those cases] become immediately appealable . . . while cases where other issues remain would not be appealable at that time." *Id.* at 9 (ellipsis in original).

The Court further explained that "[w]hile Rule 54(b) can aid parties with

multiple-claim complaints . . ., the Rule, properly read, is of no avail to Gelboim and Zacher." *Id.* Rule 54(b), the Court observed, "addresses orders finally adjudicating fewer than all claims presented in a civil action complaint," and "does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided." *Id.* at 9-10.

Nor, the Court added, was Section 1292(b)—which "allows district courts to designate for review *interlocutory orders* 'not otherwise appealable,' where immediate appeal 'may materially advance the ultimate termination of the litigation'"—applicable, as "there is nothing 'interlocutory' about the dismissal order in the Gelboim-Zacher action." *Id.* at 10 (emphasis in original) (quoting 28 U.S.C. § 1292(b)).

*Gelboim* is thus directly contrary to the Dismissal Order's holding that appellate jurisdiction for the Schwab Appeal did not exist due to the Second Circuit's "strong presumption" that "a judgment in a consolidated case that does not dispose of all claims which have been consolidated . . . is not appealable absent Rule 54(b) certification." *Houbigant*, 627 F.3d at 498. The Schwab Actions— "individual 'actions'" that were "transferred to a single district court," *Gelboim* Op. at 7—were, like the Gelboim plaintiffs' case, dismissed in their entirety by the district court's Rule 12 Order. Because the district court "grant[ed] [Defendants'] dispositive motion on all issues in [the Schwab Actions,]," those cases "bec[a]me

immediately appealable." *See Gelboim* Op. at 9.

The "integrity" of this Court's judgment dismissing the Schwab Appeal has thus been compromised by the Supreme Court's ruling in *Gelboim*. *See Zipfel*, 861 F.2d at 567. This Court should therefore recall its Mandate and reinstate the Schwab Appeal.

### B. The Circumstances of the Schwab Appeal Support Recalling the Mandate and Reinstating the Appeal.

The particular circumstances of the Schwab Appeal, including the Schwab Plaintiffs' actions to pursue their appellate rights, further support the requested relief. This is, in short, an "exceptional" case in which the factors that favor recalling the Mandate outweigh "the need to preserve finality in [these] judicial proceedings." *See Sargent*, 75 F.3d at 89.

This Court's reasoning in *Sargent v. Columbia Forest Products, Inc.* is instructive. There, the Court granted, in part, Sargent's motion to recall the Court's mandate affirming the district court's dismissal of her claims under Vermont law against her former employer. After this Court's decision, the Vermont Supreme Court issued rulings in two different cases, which, Sargent asserted, altered material aspects of the law applicable to two of her claims, warranting recall and modification of the Second Circuit's mandate. *See* 75 F.3d at 89.

The Court agreed, in relevant part. The Court first noted that "under the

strict standards governing the exercise of power to recall a mandate, an alleged failure to correctly construe and apply the applicable state law does not constitute by itself a circumstance justifying recall," as "[t]he very nature of diversity jurisdiction leaves open the possibility that a state court will subsequently disagree with a federal court's interpretation of state law." *Id.* at 90.[15] The Court nonetheless determined that the following factors warranted recalling the mandate:

- One of the Vermont Supreme Court's subsequent decisions (*Murray v. St. Michael's Coll.*, 667 A.2d 294 (Vt. 1995)), was "beyond question inconsistent with our earlier decision." *Sargent*, 75 F.3d at 90.

- In her initial appeal, Sargent "made the argument that prevailed in *Murray*" and informed the Second Circuit that *Murray* was pending in the Vermont Supreme Court. *Id.*

- Because "there was not a substantial lapse of time between issuance of our mandate and the present motion," recalling the mandate "would . . . not reopen a stale claim." *Id.*

- "[T]he equities strongly favor[ed] Sargent," based on the procedural circumstances of the case. *Id.*

The factors this Court deemed relevant in *Sargent* likewise support recalling the January 13, 2014 Mandate and reinstating the Schwab Appeal.

*First*, *Gelboim* "is beyond any question inconsistent with [this Court's]

---

[15] That principle is not at issue where, as here, the U.S. Supreme Court issues a subsequent ruling on *federal* law that contradicts a ruling by a federal court of appeals.

earlier decision" dismissing the Schwab Appeal.  As detailed above, under the rule

the Supreme Court articulated, the Schwab Plaintiffs had a right to appeal the

district court's dismissal of the Schwab Actions.

*Second*, in moving for reconsideration of this Court's Dismissal Order and

reinstatement of their appeal, the Schwab Plaintiffs "made the argument that

prevailed in [*Gelboim*]":

> [B]ecause the MDL Court's March 29, 2013 Rule 12
> Order dismissed *all* of the Schwab Plaintiffs' claims, it
> evidenced the Court's intention to dispose of the Schwab
> Actions, and thus constituted a "final decision" as to
> those Actions, as contemplated by 28 U.S.C. § 1291.
> Defendants cite no apposite authority supporting their
> argument that all 50 or more cases pending in the LIBOR
> MDL must be finally resolved before the Schwab
> Actions can be appealed.  And the Court should not
> endorse Defendants' narrow view of jurisdiction, as
> doing so would necessarily mean that all actions
> transferred under Section 1407 for pretrial purposes are
> consolidated and unappealable (except at the discretion
> of a district court, through a FRCP 54(b) certification
> order) for the years it might take for the MDL to
> completely resolve.

Dkt. No. 111 (Schwab Pls.' Reply in Resp. to Defs.-Appellees' Opp. to Mot. for

Reconsideration of Dismissal Order & Reinstatement of Schwab Appeal), at 2

(emphasis in original); *see also Gelboim* Op. at 7-8, 9 ("Nothing about the initial

consolidation of [the Gelboim plaintiffs'] civil action with other cases in the

LIBOR MDL renders the dismissal of their complaint in any way tentative or

incomplete.  As is ordinarily the case, the §1407 consolidation offered convenience

for the parties and promoted efficient judicial administration, but did not meld the Gelboim-Zacher action and others in the MDL into a single unit. . . .[S]urely would-be appellants need not await final disposition of all cases in their originating districts, long after pretrial consolidation under §1407 could even arguably justify treating the cases as a judicial unit.").[16]

*Third*, the Schwab Plaintiffs are making this motion only days after *Gelboim* was decided (just over a year after the Mandate was issued). Recalling the Mandate thus "would . . . not reopen a stale claim." *See Sargent*, 75 F.3d at 90.

*Fourth*, "[t]he equities strongly favor" the Schwab Plaintiffs. *See id.* The Schwab Actions were commenced in August 2011 and, following the MDL court's dismissal of those cases approximately 18 months later, the Schwab Plaintiffs sought to appeal the court's dismissal of their antitrust and RICO claims. Further, after this Court *sua sponte* dismissed the Schwab Appeal for lack of jurisdiction, the Schwab Plaintiffs moved for reconsideration and reinstatement of the appeal. The Schwab Plaintiffs have thus diligently pursued their rights for nearly 3½ years, including vigorously seeking this Court's review of issues of significant import to the LIBOR MDL. Additionally, for the reasons articulated in *Gelboim*, neither

---

[16] The Schwab Plaintiffs also argued that the Second Circuit's "strong presumption" against appealability where cases are "consolidated" did not apply to them, as the Schwab Actions (unlike the Gelboim plaintiffs' action) were never "consolidated" with other cases in the LIBOR MDL.

Rule 54(b) nor Section 1292(b) is available to the Schwab Plaintiffs.

As a practical matter, moreover, the renewed pendency of the Gelboim Appeal warrants reinstatement of the Schwab Appeal.  Given that the Schwab Actions and the Gelboim plaintiffs' action arise from the same nucleus of operative facts regarding Defendants' misconduct, it would promote judicial efficiency and fairness to allow the Schwab Plaintiffs to appeal their claims concurrently with the Gelboim plaintiffs.

## **CONCLUSION**

For the foregoing reasons, the Schwab Plaintiffs respectfully request that the Court recall its Mandate of January 13, 2014 and reinstate the Schwab Appeal.

Dated:  January 30, 2015

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: */s/ Steven E. Fineman*
    Steven E. Fineman

250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
sfineman@lchb.com

*Counsel for the Schwab Plaintiffs*

# MANDATE

S.D.N.Y.–N.Y.C.
11-md-2262
Buchwald, J.

## United States Court of Appeals

### FOR THE
### SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand thirteen.

Present:

José A. Cabranes,
Barrington D. Parker[*],
*Circuit Judges.*

_____

In re LIBOR-Based Financial Instruments
Antitrust Litigation.                                    13-3565 (L); 13-3636 (Con)

_____

Ellen Gelboim, *et al.*,

              *Plaintiffs - Appellants,*
       v.

Bank of America Corporation, *et al.*,

              *Defendants - Appellees.*

_____

This Court has determined *sua sponte* that it lacks jurisdiction over these appeals because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the orders appealed from did not dispose of all claims in the consolidated action. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978); *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497,

_____

[*]The Honorable John M. Walker, originally a member of the panel sitting on October 29, 2013, recused himself from consideration of this matter. The remaining members of this panel, who are in agreement, have decided this case pursuant to 2d Cir. R § 0.14(b).

SAO–MCB

498 (2d Cir. 2010) (per curiam).  Upon due consideration, it is hereby ORDERED that the appeals are DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit